FREDERICK C. SNYDER vs. PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Corporation—Railway Company—Negligence— Public Highway—Street Crossings—Travelers; Duty of —Measure of Damages.*

1. A railway company and the public are required by law to use due and proper care in the exercise of their respective rights. The right of each must be exercised with due regard to the right of the other, and in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other. It is the duty of the company to provide careful and competent motormen and servants; to see that they use reasonable care in operating the cars; that the cars move at a rea-

sonable rate of speed, and that they slow up or stop, if need be, where danger is imminent. There is a like duty of exercising reasonable care on the part of the people who may otherwise use the highway, to stop, and, if need be, to turn out and keep out of the tracks of the cars in the presence of danger. Both must exercise such reasonable caution as an ordinarily careful and prudent person would use under like circumstances. What is due and proper care depends upon the facts of each case.

2. Where the railway approaches the crossing at a steep down grade or where the rails are wet and slippery, or where the view of the railway from the crossing street is obstructed, greater care is required of the person in charge of the car than where the approach to the crossing is at or near the grade of the crossing, or where the rails are in their usual condition, or where the view is unobstructed. A person approaching a railway crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and act accordingly. If the approach of the railway to the crossing be down a steep grade, the driver of the vehicle should exercise more care than might be necessary where the approach is by a slight decline, upon a level, or by an ascending grade. If, as he approaches the crossing, his line of vision is unobstructed, he is bound to look for approaching cars in time (if possible) to avoid collision; and if he does not look, and for this reason a collision occurs, he is guilty of negligence.

3. While the right of a street railway company within its lines is superior to that of other users of the street, and must not be unnecessarily interfered with or obstructed, nevertheless such superior right may be subject to abuse, and should not be understood as exempting the company in any case from the exercise of due and proper care. The public, using due care, have the right, in vehicles or on foot, to cross railway tracks, as well within the blocks as at street crossings. The railway company, however, has knowledge that at street crossings a larger number of persons and vehicles are usually found crossing the tracks than at other places, and this imposes upon the company the need of greater care at the crossings than where the danger is less. The company and the traveler are required to use such reasonable care as the circumstances demand—an increase of care on the part of both being required where there is an increase of danger.

4. If the accident was not the result of negligence on the part of the defendant the plaintiff cannot recover; and · the burden of proving such negligence is upon the plaintiff. Even though the defendant may have been negligent, yet if the negligence of the plaintiff contributed to and entered into the accident at the time of the injury the latter could not recover.

5. The measure of damages stated.

(*December 1, 1902.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*William F. Kurtz* and *Walter H. Hayes* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, November Term, 1902.

ACTION ON THE CASE (No. 99, November Term, 1901).

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action was brought to recover damages for injuries occasioned by a collision between an electric car of the defendant company and a wagon of the plaintiff, in which he was riding, at the intersection of Second and Adams streets in the City of Wilmington, on the seventeenth of September, 1901.

The plaintiff claims that he was exercising due and proper care and diligence, and that the sole cause of the collision was the negligence or recklessness of the defendant company in not checking or stopping the car before coming in contact with the wagon; and that by reason thereof his wagon was broken and damaged, and he was thrown violently out of the wagon upon the street and sustained great and permanent bodily injuries.

The defendant claims that the proper signal of the approach of the car was given in due time, that the speed of the car was moderate, that the motorman exercised due care and diligence in attempting to avoid the collision, and that the accident was not due to any neglect or default on the part of the company or any of its servants, but was solely due to the negligence of the plaintiff in driving his wagon upon the railway track in front of the approaching car.

The defendant also contends that, even if there was some negligence on its part, there was negligence on the part of the plaintiff which should defeat his claim for damages.

Second Street and Adams Street are public highways. The defendant company uses and has the right to use Second Street for

the purposes of its railway thereon, and the public have the right to use that and the intersecting streets, of which Adams Street is one, for the ordinary purposes of a public street.

The railway company and the public are required by law to use due and proper care in the exercise of their respective rights.

"The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other."

*Price vs. Warner Co., 1 Pennewill, 462.*

"It is the duty of the company to provide competent and careful motormen and servants;. to see that they use reasonable care in operating the cars; that the cars move at a reasonable rate of speed, and that they slow up or stop if need be, where danger is imminent. There is a like duty of exercising reasonable care on the part of people who may otherwise use such highway, to stop, and, if need be,. to turn out and keep out of the tracks of the cars in the presence of danger."

*Brown vs. Railway Company, 1 Pennewill, 332.*

We will not attempt to specify the precise acts of precaution which are necessary to be done or omitted by one in the management of an electric car, or by one in the management of a wagon approaching a railway crossing. Such acts must depend upon the circumstances of each case, and the degree of care required differs in different cases. The general rule is that the person in the management of the car and the person in the management of the wagon are bound to the reasonable use of their sight and hearing for the prevention of accident, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

*Brown vs. Railway Company, 1 Pennewill, 336.*

CHARGE.

What is due and proper care depends upon the facts in each case.

Where the railway approaches the crossing at a steep down grade, or where the rails are wet and slippery, or where the view of the railway from the crossing street is obstructed by buildings or otherwise, greater care is required of the person in charge of the car than where the approach of the railway to the crossing is at or near the grade of the crossing, or where the rails are in their usual condition, or where the view of the railway is unobstructed.

"A person approaching a railway crossing with which he is familiar, is bound to avail himself of his knowledge of the locality and act accordingly. If the approach of the railway to the crossing be down a steep grade, whereby it is more difficult to stop or check a car, the driver of the vehicle should exercise more care than might be necessary where the approach of the railway was by a slight decline, upon a level, or by an ascending grade. If as he approaches the crossing his line of vision is unobstructed, he is bound to look for approaching cars in time (if possible) to avoid collision with them, and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence."

*Price vs. Warner Co., Supra.*

It has been held by this Court that the right of a street railway company within its lines, is superior to that of other users of the street and must not be unnecessarily interfered with or obstructed. (*Maxwell vs. Railway, 1 Marvel, 199, and Brown vs. Railway, 1 Pennewill, 335*). But as was said in *Price vs. Warner Company, supra,* "The broad assertion of the superior right of a railway company may be subject to abuse, and should not be understood as exempting it in any case from the exercise of due and proper care." It would be a fearful doctrine that persons in charge of street cars have the right to run down persons or vehicles whenever upon the track, even when there unlawfully or negligently, if by the exercise

of reasonable care on the part of those in charge of the cars, collision could be avoided." * * * * "It would certainly be contrary to public policy and in violation of the rights of the railway company to allow its tracks to be blocked at street crossings by the negligence of drivers of vehicles, but a correct understanding of the rights and duties of both parties will avoid any confusion upon the subject. The public, using due care, have the right, in vehicles or on foot, to cross railway tracks, as well within the blocks as at street crossings. There is however this difference: The company has knowledge that at street crossings a larger number of persons and vehicles are usually found crossing the track than at other places, and this imposes upon the company the need of greater care at the street crossings than where the danger is less. The company and the traveler are required to use such reasonable care as the circumstances of the case demand—an increase of care on the part of both being required where there is an increase of danger."

The gist of this action is negligence. If the collision was not the result of the negligence of the defendant the plaintiff cannot recover. The burden of proving such negligence is upon the plaintiff.

Even though the defendant company may have been negligent on its part, yet if the negligence of the plaintiff contributed to and entered into the accident at the time of the injury your verdict should be for the defendant, as the plaintiff in that case would be guilty of contributory negligence.

Where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to each party.

*Brown vs. Railway Company, supra.*

If the injuries to the person and property of the plaintiff were occasioned by the negligence of the defendant company, or of its servants, or agents, or any of them and without the fault or negligence of the plaintiff, your verdict should be for the plaintiff.

If your verdict should be for the plaintiff, it should be for

such sum as will reasonably compensate him for the injuries to his wagon and his person.

For this purpose you should take into consideration the plaintiff's pain and suffering, and his loss of power to perform labor, in the past and in the future, which may be found by you to be the result of the injuries sustained by him; also his loss of time and necessary expenses in procuring labor which but for such injuries he would himself have performed; also his expenses for medicine and medical attendance incurred by reason of such injuries; and if such injuries are of a permanent character, you should consider that fact in determining the amount of his damages.

Verdict for plaintiff for $1000.